IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JANE DOE, § | | |
| § | | |
| Plaintiff, § | | CIVIL CASE NO. |
| § | | |
| v. § | | 4:22-cv-00117 |
| § | | |
| RIVERSIDE PARTNERS, LLC d/b/a THE § | | |
| RIVERSIDE COMPANY, CASTLEWOOD § | | **JURY TRIAL DEMANDED** |
| TREATMENT CENTER, LLC d/b/a § | | |
| ALSANA TREATMENT CENTER, § | | |
| BRITTNEY GIBBS, § | | |
| and JOHN DOES 1 - 10, § | | |
| § | | |
| Defendants. § | | |

**MEMORANDA IN SUPPORT OF PLAINTIFF'S MOTION TO ALLOW JANE DOE TO PROCEED UNDER PSEUDONYM**

Comes now, Jane Doe ("Plaintiff") who files this Memoranda in Support of her Motion to Proceed Under Pseudonym as follows:

Background Facts

1. This involves gross conduct perpetrated against Plaintiff both during, and after she was a patient at Castlewood Treatment Center d/b/a Alsana. ("Castlewood"). Plaintiff has suffered from eating disorders and other co-occurring conditions for a number of years.

2. Although eating disorders are the third most common chronic illness among adolescents, and the incidence of eating disorders in the United States has doubled since the 1960s, there is a significant amount of stigma associated with this particular mental illness.

3. Defendants will not be prejudiced by Plaintiff proceeding under a Jane Doe pseudonym. But the harm to Plaintiff could be substantial. Given the sensitive nature of

Plaintiff's allegations and potential for social stigma, Plaintiff's entitlement to privacy outweighs the customary openness of judicial proceedings in the current cause.

### Argument and Authorities

4. Although the Eighth Circuit has not provided explicit guidance for evaluating pseudonymous requests, it has allowed prosecution of anonymous claims in the past. *Heather K. ex rel. Anita K. v. City of Mallard, Iowa*, 887 F. Supp. 1249, 1255 (N.D. Iowa 1995) (citing Doe v. Poelker, 497 F.2d 106 (8th Cir. 1974)).

Federal courts in other circuits have adopted a "totality-of-the circumstances" test to balance whether a plaintiff "has a substantial privacy right which outweighs the customary constitutionally-embedded presumption of openness in judicial proceedings." Roe v. St. Louis Univ., No. 4:08CV1474 JCH, 2009 WL 910738, at *3 (E.D. Mo. Apr. 2, 2009) (quotation and citation omitted) (collecting cases from the 2nd, 9th, 10th, and 11th circuits).

5. In a recent case in the Western District of Missouri, the Court in *Jane Doe vs. the Estate of Joshua Q. Eckerson,* cause number 20-06135-CV-SJ-GAF (Oct. 8, 2020, Doc. 6) considered a similar request to proceed under a Jane Doe pseudonym. Judge Fenner stated in material part:

> Pursuant to Rule 5(d) of the Federal Rules of Civil Procedure, a written motion must be served on every party unless the motion is one that can be heard ex-parte. A request to file under pseudonym is one such motion because in the Eighth Circuit, "'[w]hen a party wishes to file a case anonymously or under a pseudonym, it must first petition the district court for permission to do so.'" Capers v. Nat'l R.R. Passenger Corp., 673 F. App'x 591, 593 (8th Cir. 2016) (quoting W.N.J. v. Yocom, 257 F.3d 1171, 1172 (10th Cir. 2001)).
>
> Accordingly, "the decision whether to permit a plaintiff to proceed anonymously is within a court's discretion." W.G.A. v. Priority Pharmacy, Inc., 184 F.R.D. 616, 617 (E.D. Mo. 1999) (citing James v. Jacobson, 6 F.3d 233, 239 (4th Cir. 1993)).

> In undertaking the inquiry, the Court must balance the movant's interest in retaining anonymity against the public's right to transparent prosecution. In re Ashley Madison Customer Data Sec. Breach Litig., No. 2669, 2016 WL Case 5:20-cv-06135-GAF Document 6 Filed 10/08/20 Page 1 of 4 2 1366616, at *2 (E.D. Mo. Apr. 6, 2016) (citation omitted).
>
> These courts have identified common factors for cases allowing anonymous prosecution including suits where a plaintiff (1) challenges government activity; (2) is forced to reveal details "of the utmost intimacy;" and (3) risks criminal prosecution by revealing his or her participation in a crime. Id.
>
> "The common thread running through [cases where anonymous protection has been granted] is the presence of some social stigma or the threat of physical harm to the plaintiffs attaching to disclosure of their identities to the public record." In re Ashley Madison, 2016 WL 1366616 at *3. (quotation and citation omitted).

6. As in the Joshua Q. Eckerson case, Plaintiff's privacy is entitled to protection under the second factor because her Complaint (Doc. # 1) contains allegations of Defendants' inappropriate conduct and confirmation of the severity of Plaintiff's eating disorder that could lead to stigmatization and public embarrassment if she is not allowed to proceed anonymously.

7. Stigma surrounding mental health issues, particularly eating disorders is pervasive. A comprehensive study published in August 2021 stated, "Concerning the consequences of ED stigma, Foran et al. conducted a recent systematic review of nine studies and found that ED stigma predicts negative outcomes for people with EDs on multiple levels: psychological, social, physical, and health behaviors. Indeed, the review indicated that ED stigma can lead to depressive and self-esteem symptoms, social alienation and social withdrawal, poor physical health, and greater ED symptoms, but also greater avoidance of treatment-seeking behaviors, increasing the physical (e.g., cardiac issues), psychological (e.g., distress), and social (e.g., poorer quality of life) complications associated with Eds…" *See,* Brelet L, Flaudias V, Désert M, Guillaume S,

Llorca PM, Boirie Y., "Stigmatization toward People with Anorexia Nervosa, Bulimia Nervosa, and Binge Eating Disorder: A Scoping Review." *Nutrients*. 2021;13(8):2834. Published 2021 Aug 18. doi:10.3390/nu13082834

8. Plaintiff's eating disorder symptoms were worsened by Defendant Brittney Gibbs and Castlewood. Her personal relationship with her partner was severely impacted. Therefore, it is highly likely that aspects of Plaintiff's medical and mental health treatment could be disclosed. It is also likely that personal, intimate aspects of her relationship with her partner could be disclosed.

9. Finally, with regard to prior litigation, Castlewood engaged in public victim shaming of its former patients[1]. To this end, Castlewood stated in material part: "The allegations in this and the other cookie cutter-style lawsuits filed by the plaintiff's attorney in this case against Alsana are categorically false. Like the other complaints, this one aims to generate publicity with bizarre, lurid allegations that are the stuff of Hollywood."

In a separate press release, Castlewood then stated, "Whenever there is a lawsuit with publicity, others want to jump on the bandwagon. … Of the thousands of clients treated, most are extremely grateful but there will be a few who are angry and need someone to blame – and there will always be lawyers waiting. We will defend the case vigorously and let justice prevail." *See*, attached Exhibit 1.

10. Defendants will not be prejudiced by Plaintiff proceeding under a Jane Doe pseudonym. But the harm to Plaintiff could be substantial. In the case at bar, given the sensitive nature of Plaintiff's allegations and potential for social stigma, and with

---

[1] This is a curiosity in and of itself. Castlewood merely filed a fictitious name certificate for Alsana on March 28, 2019. Alsana was not in existence at all prior to this date. Now, it is merely an assume name with no separate corporate identity and is owned by Castlewood Treatment Center, LLC. And yet, Alsana is posturing itself as having been in existence since at least 2002. On its website, it has blog postings going back as far as 2012. Which begs the question, how could Alsana vigorously defend itself in 2012, when that fictitious name was not even in existence at the time?

Castlewood's past history of victim shaming former patients who seek to address their damages through the judicial system, Plaintiff's entitlement to privacy outweighs the customary openness of judicial proceedings in the current cause.

  Wherefore, the premises considered, Plaintiff prays that she be allowed to proceed under the pseudonym, Jane Doe. Plaintiff requests all other general or specific relief to which she is entitled.

              Respectfully submitted,

              /s/Steven R. Dunn
              Steven R. Dunn
              State Bar No. 06252250
              5830 Preston Fairways
              Dallas, Texas 75252

              Telephone (214) 769.7810
              *steven@dunnlawfirm.net*

              **ATTORNEYS FOR PLAINTIFF**

# Alsana Response Statement

July 20    Alsana In the News, Blog

July 19, 2012

The following statement was today issued by Alsana Treatment Center in response to media and other inquiries regarding a recent court filing:

Whenever there is a lawsuit with publicity, others want to jump on the bandwagon. Alsana is known nationally and internationally for specializing in the treatment of anorexia and bulimia. In addition, it is one of the few facilities that also specializes in eating disorders with post-traumatic stress disorder often caused by sexual abuse. The Alsana staff are leading experts in the field and lecture throughout the country to literally hundreds of thousands of professionals. When clients go from one treatment center to the next without getting better, they often are referred to Alsana, even from other treatment centers. Of the thousands of clients treated, most are extremely grateful but there will be a few who are angry and need someone to blame – and there will always be lawyers waiting. We will defend the case vigorously and let justice prevail.



### JOIN OUR ONLINE SUPPORT GROUP

**Weekly meetings**

Fridays at noon / PST

Learn More



Start the road to recovery with Alsana.

Get Started