UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JANE DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:22 CV 117 CDP |
| | ) | |
| RIVERSIDE PARTNERS, LLC, | ) | |
| d/b/a The Riverside Company, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This newly-filed case is before me for review of subject-matter jurisdiction. Plaintiff Jane Doe brings this lawsuit alleging that the defendants engaged in unlawful conduct against her in violation of Missouri common and statutory law. Doe invokes this Court's diversity jurisdiction under 28 U.S.C. § 1332. Because the complaint does not contain an adequate statement of citizenship with respect to any of the parties in this case, I will order Doe to file an amended complaint to properly allege this Court's subject-matter jurisdiction. I will withhold ruling on Doe's motion to proceed under a pseudonym until such time as I have determined that this Court has subject-matter jurisdiction over the case.

The Eighth Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987). Diversity jurisdiction under 28 U.S.C. § 1332

requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants.  28 U.S.C. § 1332(a).  Doe avers that she seeks damages exceeding the jurisdictional threshold, but her complaint fails to adequately allege the citizenship of the parties, thereby precluding me from determining whether diversity jurisdiction exists.

Doe describes herself as an Arizona "resident," and she describes individual defendant Brittney Gibbs as a "resident" of Missouri.  For purposes of diversity, however, a statement of where an individual "resides" is insufficient to establish that person's citizenship.  *Sanders*, 823 F.2d at 216.

Doe also names Riverside Partners, LLC and Castlewood Treatment Center, LLC as defendants, but the body of her complaint alleges citizenship based on their States of incorporation and their principal places of business.  (ECF 1 at ¶¶ 6, 7.) For purposes of diversity, a limited liability company's citizenship is the citizenship of all its members.  *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004).  Doe does not identify the members of either LLC.  Nor does she allege the citizenship of all of the members of each LLC.  In her amended complaint, Doe must clarify the organizational status of these defendants – that is, whether they are LLCs or incorporated organizations – and properly allege their citizenship.

Because there is no sufficient statement of citizenship with respect to any

party in this case, I am unable to determine if this Court has subject-matter jurisdiction. Accordingly, I will give Doe fourteen (14) days to amend her complaint to properly allege this Court's subject-matter jurisdiction. Failure to timely amend the complaint may result in this action being dismissed without prejudice for lack of subject-matter jurisdiction.

Therefore,

**IS IT HEREBY ORDERED** that plaintiff Jane Doe shall file an amended complaint within fourteen (14) days of the date of this Order to properly allege this Court's subject-matter jurisdiction. Failure to timely comply with this Order may result in this action being dismissed without prejudice for lack of subject-matter jurisdiction.

I will hold in abeyance plaintiff's motion to proceed under a pseudonym until such time as I have determined that this Court has subject-matter jurisdiction over the case.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 1st day of February, 2022.