**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JANE DOE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:22-cv-117-CDP |
| | ) | |
| vs. | ) | Judge Catherine D. Perry |
| | ) | |
| RIVERSIDE PARTNERS, LLC et al., | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANT RIVERSIDE PARTNERS L.L.C.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS THE AMENDED COMPLAINT

Date:  April 19, 2022

Respectfully submitted,

*/s/ Christopher M. McLaughlin*
Christopher M. McLaughlin (*pro hac vice*)
JONES DAY
North Point, 901 Lakeside Avenue
Cleveland, Ohio 44114-1190
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212
cmmclaughlin@jonesday.com

W. Jason Rankin (Missouri Bar #6237927)
HEPLER BROOM LLC
130 N. Main St
Edwardsville, IL 62025
Telephone: (618) 307-1184
Jason.Rankin@heplerbroom.com

*Counsel for Defendant Riverside Partners L.L.C.*

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................ 1

ALLEGATIONS IN THE COMPLAINT ........................................................... 1

STANDARD OF REVIEW ................................................................................ 3

ARGUMENT ..................................................................................................... 4

    I.     Plaintiff Fails to State a Claim Under the Business Premises Safety Act. ............ 4

    II.    Plaintiff Fails to State a Claim for Fraud by Non-Disclosure ............................... 6

        A.    Riverside Had No Duty to Disclose Information to Plaintiff. ................... 7

        B.    Plaintiff's Allegations of Fraud Fail to Satisfy Rule 9(b). ...................... 10

    III.    Plaintiff Fails to State a Claim for Civil Conspiracy. .......................................... 11

    IV.    Plaintiff Fails to State a Viable Civil RICO Claim.............................................. 12

CONCLUSION.................................................................................................. 15

## <u>TABLE OF AUTHORITIES</u>

**Page**

CASES

*Abels v. Farmers Commodities Corp.*,
  259 F.3d 910 (8th Cir. 2001) ...................................................13

*Andrews v. R.J. Reynolds Tobacco Co.*,
  2021 WL 3472504 (E.D. Mo. Aug. 6, 2021) ...............................10, 11

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ...........................................................3, 15

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................3

*Clark v. German Mut. Fire Ins. Co.*,
  7 Mo. App. 77 (Mo. 1879) ......................................................9

*Cook v. Smith*,
  33 S.W.3d 548 (Mo. Ct. App. 2000) ..........................................5

*Crest Const. II, Inc. v. Doe*,
  660 F.3d 346 (8th Cir. 2011) ..................................................13

*Deutsche Fin. Servs. Corp. v. BCS Ins. Co.*,
  299 F.3d 692 (8th Cir. 2002) ..................................................11

*Doe v. Quest Diagnostics, Inc.*,
  395 S.W.3d 8 (Mo. 2013) ...............................................4, 8, 10

*Drobnak v. Andersen Corp.*,
  561 F.3d 778 (8th Cir. 2009) ....................................................4

*Flynn v. CTB, Inc.*,
  2013 WL 28244 (E.D. Mo. Jan. 2, 2013) .....................................8

*Graham Const. Servs., Inc. v. Hammer & Steel, Inc.*,
  2012 WL 685459 (E.D. Mo. Mar. 2, 2012) ................................7, 8

*Hamilton v. Palm*,
  621 F.3d 816 (8th Cir. 2010) ....................................................6

*Hamm v. Rhone-Poulenc Rorer Pharm., Inc.*,
    187 F.3d 941 (8th Cir. 1999) ...............................................................13

*Handeen v. Lemaire*,
    112 F.3d 1339 (8th Cir. 1997) .............................................................15

*Kansas City v. Rathford*,
    186 S.W.2d 570 (Mo. 1945) ..................................................................9

*Matteuzzi v. Columbus P'ship, L.P.*,
    866 S.W.2d 128 (Mo. 1993) ..................................................................4

*Midwest Printing, Inc. v. AM Intern., Inc.*,
    108 F.3d 168 (8th Cir. 1997) .........................................................14, 15

*Miller v. Redwood Toxicology Laboratory, Inc.*,
    688 F.3d 928 (8th Cir. 2012) .......................................................1, 3, 10

*Mitec Partners, LLC v. U S. Bank Nat'l Ass'n*,
    605 F.3d 617 (8th Cir. 2010) .................................................10, 11, 15

*Modern Enters., Inc. v. Allen*,
    802 F.2d 312 (8th Cir. 1986) ................................................................9

*Moses.com Sec., Inc. v. Comprehensive Software Sys.*,
    406 F.3d 1052 (8th Cir. 2005) ..................................................... *passim*

*Naggaragadde v. Pandurangi*,
    216 S.W.3d 241 (Mo. Ct. App. W.D. 2007).........................................5

*Nitro Distrib., Inc. v. Alticor, Inc.*,
    565 F.3d 417 (8th Cir. 2009) ..............................................................12

*Park Ridge Assocs. v. U.M.B. Bank*,
    613 S.W.3d 456 (Mo. Ct. App. 2020)..................................................12

*Reiter v. Sonotone Corp.*,
    442 U.S. 330 (1979)............................................................................13

*Rice v. Hodapp*,
    919 S.W.2d 240 (Mo. 1996) ...............................................................11

*Richards v. ABN AMRO Mortg. Grp., Inc.*,
    261 S.W.3d 603 (Mo. Ct. App. 2008).................................................6, 7

*Rosemann v. Sigillito*,
  2011 WL 13248373 (E.D. Mo. Oct. 31, 2011) .......................................................................10

*Smith v. Wampler*,
  95 F. App'x 194 (8th Cir. 2004) ..........................................................................................13

*Snelling v. HSBC Card Servs., Inc.*,
  2015 WL 3621091 (E.D. Mo. June 9, 2015) ..........................................................................9

*Steward v. Baywood Condo. Ass'n*,
  134 S.W.3d 679 (Mo. Ct. App. E.D. 2004) ...........................................................................4

*U.S. for the use of Bussen Quarries, Inc. v. Thomas*,
  938 F.2d 831 (8th Cir. 1991) .................................................................................................9

*United States v. Bestfoods*,
  524 U.S. 51 (1998) .................................................................................................................8

*United States v. Hagen*,
  917 F.3d 668 (8th Cir. 2019) ...............................................................................................15

*United States v. Luna*,
  968 F.3d 922 (8th Cir. 2020) ...............................................................................................14

*United States v. Rice*,
  699 F.3d 1043 (8th Cir. 2012) .............................................................................................13

*United States v. Steffen*,
  687 F.3d 1104 (8th Cir. 2012) .............................................................................................14

*United States v. Thomas*,
  791 F.3d 889 (8th Cir. 2015) ...............................................................................................14

*Verni v. Cleveland Chiropractic Coll.*,
  212 S.W.3d 150 (Mo. 2007) ..................................................................................................7

*Williams v. Barnes & Noble*,
  174 S.W.3d 556 (Mo. Ct. App. W.D. 2005) ..........................................................................4

**STATUTES**

18 U.S.C. § 1961(B) .................................................................................................................13

Mo. Rev. Stat. 537.785(5) ..........................................................................................................5

Mo. Rev. Stat. § 417.200 ...............................................................................................9

Mo. Rev. Stat. § 537.785 ...............................................................................................5

Mo. Rev. Stat. § 537.787 ...............................................................................................5

**OTHER AUTHORITIES**

Fed. R. Civ. P. 9(b) ..............................................................................................*passim*

Fed. R. Civ. P. 12(b)(6).................................................................................................3

## INTRODUCTION

Each claim filed by Plaintiff Jane Doe against Riverside Partners L.L.C. ("Riverside") should be dismissed.  First, the Business Premises Safety Act does not impose liability on a business for the acts of its employees on the business premises, much less on a distant parent company that did not control the premises.  Second, Plaintiff's fraudulent nondisclosure claim fails because there was no special relationship between Riverside and Plaintiff and, thus, Riverside owed no duty to disclose information to her.  Regardless, the information that Riverside allegedly failed to disclose was publicly available and cannot form the basis of a fraud claim.  Third, Plaintiff's civil RICO claim fails as a matter of law because she alleges only personal injuries that are not actionable under RICO.  Finally, because Plaintiff's underlying tort claims fail, her civil conspiracy claim necessarily fails as well.  For these and the other reasons explained below, Plaintiff failed to plead any viable claims against Riverside and her claims should be dismissed.

## ALLEGATIONS IN THE COMPLAINT

Riverside is a Delaware limited liability company.[1]  (Am. Compl. ¶ 8.)  In January 2017, an entity owned by Riverside acquired Castlewood Treatment Center ("Castlewood"), a separate Missouri limited liability company.  (*Id.* ¶¶ 10, 147.)  Although Riverside ultimately owns Castlewood, the two companies "are in completely different industries"; Riverside is a private equity company, while Castlewood provides treatment to individuals with eating disorders.  (*Id.* ¶¶ 8, 130, 176.)  On March 28, 2019, Castlewood publicly registered the trade name "Alsana" with the Missouri Secretary of State.  (*Id.* ¶ 124; Decl. of Christopher McLaughlin ("McLaughlin Decl.") ¶ 2 & Ex. 1, attached as Ex. A.)[2]

---

[1] The members listed in Paragraph 8 of the Complaint are not, in fact, the members of Riverside. They appear to be the members of an unaffiliated entity with a similar name based in Boston, Massachusetts.

[2] The Court may consider this document because it is referenced in the Complaint and a matter of public record.  *Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 931 n.3 (8th Cir. 2012) ("While

Castlewood, operating as Alsana, manages treatment centers that provide residential treatment, partial hospitalization, and intensive outpatient treatment for patients with eating disorders.  (*Id.* ¶ 13.)  In June 2021, Plaintiff Jane Doe began in-patient treatment at Alsana's St. Louis facility. ( *Id.* ¶¶ 19–20.)  According to Plaintiff, Alsana assigned Defendant Brittany Gibbs ("Gibbs") to provide individual therapy to Plaintiff.  (*Id.* ¶ 36.)  Plaintiff alleges that Gibbs was not appropriately trained or licensed to provide the care she needed and that Gibbs manipulated Plaintiff to end her romantic relationship.  (*Id.*¶¶ 31, 36–37, 43–46.)  Gradually, Gibbs and Plaintiff developed a personal relationship that continued after Plaintiff completed her treatment and left Alsana.  (*See id.* ¶¶ 48–52.)  Once Plaintiff returned home to Arizona, however, she ended her relationship with Gibbs.  (*Id.* ¶ 56.)

Plaintiff asserts four claims against Riverside: (1) violation of the Missouri Business Premises Safety Act; (2) fraud by nondisclosure; (3) civil conspiracy; and (4) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO").  In support of her premises liability claim, Plaintiff alleges that Riverside created a "dangerous condition" by "allowing predator[] [Gibbs] to have access to" Plaintiff.  (*Id.* ¶ 119.)  To support her fraud claim, Plaintiff relies on the fact that following Riverside's acquisition of Castlewood, the business was rebranded when Castlewood publicly registered and began using the trade name Alsana.  (*See id.* ¶¶ 124, 129.)  Plaintiff characterizes this public disclosure as a non-disclosure, pointing to several "press releases . . . on Castlewood's website" alleging that they amount to misrepresentations because they refer to Castlewood as Alsana.  (*Id.* ¶ 151.)  Yet, Plaintiff fails to note press releases published

---

courts primarily consider the allegations in the complaint in determining whether to grant a Rule 12(b)(6) motion, courts additionally consider 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned;' without converting the motion into one for summary judgment.").

on the same website that explicitly announced the change of the business name from Castlewood to Alsana.  (McLaughlin Decl. ¶¶ 3–5, Exs. 2–4.)[3]

Plaintiff relies on similar allegations for her conspiracy and civil RICO claims.  She alleges that Riverside and Castlewood conspired "to utilize the fictitious name 'Alsana'" to "distance themselves from Castlewood's past" to induce Plaintiff to seek treatment at Alsana.  (Am. Compl. ¶ 133.)  She also alleges that Riverside and Castlewood, together, constitute "The Alsana Enterprise" and that through this supposed enterprise they committed predicate acts of mail and wire fraud by using web postings to misrepresent material facts, such as the relationship between Castlewood and Alsana, the nature and quality of Alsana's treatment programs, patient satisfaction rates, and Alsana's certifications.  (*Id.* ¶¶ 177–78.)  Plaintiff fails, however, to identify any mailing or wire communication that she saw or relied upon before seeking treatment at Alsana.

### STANDARD OF REVIEW

A cause of action must be dismissed under Federal Rule of Civil Procedure 12(b)(6) "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).  The allegations must raise the right to relief beyond "possibility" and "above the speculative level," *id.* at 555, 557, nor are legal conclusions and conclusory factual allegations entitled to an assumption of truth.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678–81 (2009).  A pleading offering only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  Rather, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.  In

---

[3] The Court may consider these press releases on Riverside's motion to dismiss because they are "matters incorporated by reference or integral to the claim" and matters of public record.  *Miller*, 688 F.3d at 931 n.3.

addition, Plaintiff's fraud-based claims must be pled with particularity under Federal Rule of Civil

Procedure 9(b). *Drobnak v. Andersen Corp.*, 561 F.3d 778, 783 (8th Cir. 2009).

<u>**ARGUMENT**</u>

**I.     Plaintiff Fails to State a Claim Under the Business Premises Safety Act.**

To state a premises liability claim under Missouri law, a plaintiff must plausibly allege that:

(1) a dangerous condition existed on defendant's premises; (2) the defendant knew or should have

known of the condition; (3) the defendant failed to use ordinary care to remove or warn of the

condition; and (4) resulting injury to the plaintiff. *Steward v. Baywood Condo. Ass'n*, 134 S.W.3d

679, 682 (Mo. Ct. App. E.D. 2004). A plaintiff also must show that she suffered the injury on a

premises over which the defendant had "substantial control." *Matteuzzi v. Columbus P'ship, L.P.*,

866 S.W.2d 128, 132 (Mo. 1993). Plaintiff's claim misses the mark.

First, Plaintiff fails to allege that Riverside controlled the Alsana business premises. Nor

does Plaintiff allege who owns the premises at issue. Nonetheless, mere ownership does not

establish control for premises liability purposes, *Matteuzzi*, 866 S.W.2d at 132, especially when a

plaintiff seeks to impose liability on a separate entity that owns the entity conducting business on

the premises. *Doe v. Quest Diagnostics, Inc.*, 395 S.W.3d 8, 18 (Mo. 2013) ("Generally a parent

company is not responsible for the acts of its subsidiary corporation.").

Second, Plaintiff fails to allege a "dangerous condition" on the Alsana premises. The only

"dangerous condition" Plaintiff purports to identify are the actions of one Alsana employee. (Am.

Compl. ¶ 119.) But a defendant's employees are not "conditions" of the business premises.

"Generally, the dangerous condition is some sort of *artificial condition* on the property itself, not

a negligent or dangerous act of one of the inhabitants of such property." *Williams v. Barnes &

Noble*, 174 S.W.3d 556, 560 (Mo. Ct. App. W.D. 2005) (rejecting premises liability claim of

plaintiff injured by employee because "no authority" allowed employee's actions to be

"categorized as a 'dangerous condition'"); *Naggaragadde v. Pandurangi*, 216 S.W.3d 241, 245 (Mo. Ct. App. W.D. 2007) ("A premises liability claim does not arise merely because one of the inhabitants of the property engages in dangerous conduct that injures an invitee or licensee."); *see also Cook v. Smith*, 33 S.W.3d 548, 552–53 (Mo. Ct. App. 2000) ("Conditions of land generally are in the nature of hidden dangers, traps, and the like.").

Moreover, Plaintiff misleadingly suggests that the Missouri Business Premises Safety Act (the "Act") creates a new private right of action. But it merely alters the duty of care applicable in premises liability cases involving tortious or criminal actions by third parties:

> There is no duty upon a business to guard against criminal acts or harmful acts on the premises unless the business knows or has reason to know that such acts are being committed or are reasonably likely to be committed in a particular area of the premises and sufficient time exists to prevent such crime or injury. In the absence of such a duty, no civil action for damages shall lie against a business for injuries sustained by a person in connection with criminal acts or harmful acts committed by another person on the premises.

Mo. Rev. Stat. § 537.787(1). While no court has interpreted the Act, its text is straightforward. The Act covers "criminal acts or harmful acts committed by [a] person on the premises." *Id.* However, Mo. Rev. Stat. § 537.785, which defines the Act's terms, explicitly excludes a business's employees from the definition of the term "person." Mo. Rev. Stat. § 537.785(5) ("The term 'person' shall not include employees or agents of the business."). Thus, the Act does not apply to criminal or harmful acts committed by a defendant business's employees.

The flaws in Plaintiff's premises liability claim do not end there. Even if the Act applied to employee misconduct (and it does not), it provides that a duty to protect invitees arises only when "the business knows or has reason to know that such acts are being committed or are reasonably likely to be committed." Mo. Rev. Stat. § 537.787(1). Plaintiff's sole allegation on this score is her bald assertion that "Riverside and Castlewood knew, or had reason to know that harmful acts were being committed on the premises of the St. Louis operations." (Am. Compl.

¶ 117.)  Such "formulaic recitations of the elements of a cause of action," taken *verbatim* from governing law, plainly are inadequate.  *Hamilton v. Palm*, 621 F.3d 816, 817–18 (8th Cir. 2010).

And, while Plaintiff alleges that Alsana failed to conduct "even the most rudimentary due diligence" regarding Gibbs' fitness for the therapist role and that such due diligence would have revealed social media posts showing Gibbs's alleged "dangerous proclivities" (Am. Compl. ¶¶ 95–96), this provides no basis for liability against Riverside.  At some level, the Complaint itself acknowledges this, as Riverside is not named as a defendant in Plaintiff's negligent hiring, training, and supervision claims.  The reason why is simple:  Riverside did not operate the Alsana premises, it did not employ Gibbs, and it had no role in hiring, training, or supervising Gibbs.  Plaintiff provides no substantive factual allegations to the contrary.

For these reasons, Plaintiff fails to plead a viable premises liability claim against Riverside.

## II.   Plaintiff Fails to State a Claim for Fraud by Non-Disclosure.

In Missouri, fraudulent nondisclosure is not recognized as a separate tort.  *Richards v. ABN AMRO Mortg. Grp., Inc*., 261 S.W.3d 603, 607 (Mo. Ct. App. W.D. 2008).  Such claims are a variation of fraudulent misrepresentation.  *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1064 (8th Cir. 2005).  To state a claim for fraudulent misrepresentation, a plaintiff must plead: "(1) a false, material representation; (2) the speaker's knowledge of its falsity or his ignorance of its truth; (3) the speaker's intent that it should be acted upon by the hearer in the manner reasonably contemplated; (4) the hearer's ignorance of the falsity of the statement; (5) the hearer's reliance on its truth, and the right to rely thereon; and (6) proximate injury."  *Id.*

For fraudulent nondisclosure claims, "a party's silence in the face of a legal duty to speak replaces the first element: the existence of a representation."  *Richards*, 261 S.W.3d at 607.  A plaintiff's "failure to establish any one of the essential elements of fraud is fatal to recovery."  *Verni v. Cleveland Chiropractic Coll*., 212 S.W.3d 150, 154 (Mo. 2007).

Plaintiff's fraud by nondisclosure claim fails for two reasons.  First, there was no duty to disclose on the part of Riverside because Plaintiff fails to allege that any confidential relationship existed between them, and she does not allege that the purportedly undisclosed information was unavailable through reasonable diligence.  Second, Plaintiff fails to satisfy the heightened pleading requirements of Rule 9(b).  Each reason provides an independent basis for dismissal.

A.     **Riverside Had No Duty to Disclose Information to Plaintiff.**

"[A] party's silence amounts to a representation" only when "the law imposes a duty to speak." *Richards*, 261 S.W.3d at 607.  Such a duty arises from a relationship of trust or confidence or when one party has superior knowledge that is not reasonably available to the other party. *Moses.com Sec., Inc.*, 406 F.3d at 1064.  But "[e]ven with superior knowledge, a duty to disclose will be imposed only if the material facts would not be discovered through the exercise of ordinary diligence." *Richards*, 261 S.W.3d at 607.  Plaintiff does not plausibly plead a duty to disclose.

First, Plaintiff does not allege a confidential relationship between herself and Riverside. She generally alleges that "Riverside, as the owner of Castlewood, . . . had the legal . . . and fiduciary duty to Plaintiff to disclose all material facts pertaining to its operations."  (Am. Compl. ¶ 130.)  But the Complaint is devoid of any facts to support an inference that such legal or fiduciary relationship existed.  "A fiduciary duty may arise as a matter of law by virtue of the parties' relationship . . . or it may arise as a result of the special circumstances of the parties' relationship where one places trust in another so that the latter gains superiority and influence over the former." *Graham Const. Servs., Inc. v. Hammer & Steel, Inc.*, 2012 WL 685459, at *4 (E.D. Mo. Mar. 2, 2012).  It is "not created by a unilateral decision to repose trust and confidence; it derives from the conduct or undertaking of the purported fiduciary which is recognized by the law as justifying

7

such reliance." *Id.* Besides alleging that Riverside owns Alsana, Plaintiff does not allege that she had any contact or interactions with anyone at Riverside at any time.[4]

Furthermore, even if Plaintiff could show that Alsana owed her a fiduciary duty (she cannot), that does nothing to show that Riverside owes Plaintiff such a duty. As the United States Supreme Court has held: "[i]t is a general principle of corporate law deeply 'ingrained in our economic and legal systems' that a parent corporation . . . is not liable for the acts of its subsidiaries." *United States v. Bestfoods*, 524 U.S. 51, 61 (1998); *see also Quest Diagnostics*, 395 S.W.3d at 18.

Simply put, Plaintiff's attempt to haul Riverside into this lawsuit is misguided. Because she does not plead a confidential relationship between herself and Riverside, her fraud claim must fail. *See Moses.com Sec., Inc.*, 406 F.3d at 1064 (affirming dismissal of fraudulent omission claim as the mere assertion that two defendants were connected as members of a joint venture was insufficient to establish a legal duty to disclose); *Flynn v. CTB, Inc.*, 2013 WL 28244, at *8 (E.D. Mo. Jan. 2, 2013) (dismissing fraud claim when defendant had no duty to speak because complaint did not allege a special relationship).

Second, Plaintiff fails to plead that the allegedly undisclosed information was not discoverable through reasonable diligence. In fact, she expressly concedes that Castlewood publicly registered the trade name "Alsana" with the Missouri Secretary of State on March 28, 2019. (Am. Compl. ¶¶ 124, 149.) The connection between Castlewood and Alsana, therefore, was easily discoverable more than two years before Plaintiff sought treatment at Alsana in June

---

[4] It is telling that Plaintiff brings negligent hiring, training, and supervision claims against Alsana, but not against Riverside. The fact is, nothing in the Complaint indicates that Riverside had any connection to Plaintiff or the alleged conduct underlying her claims beyond its mere ownership of Alsana.

2021.  Indeed, the very purpose of Missouri's fictitious name registration statute is to prevent fraud by informing the public of a business's true identity.  *See* Mo. Rev. Stat. § 417.200.[5]

While Plaintiff inaccurately alleges that all references to Castlewood were removed from Alsana's website by pointing to certain press releases, blog posts, and YouTube videos which do not mention Castlewood, (*see id.* ¶¶ 148, 150–53), she conveniently fails to mention the June 2018 and September 2018 press releases on Alsana's website that explicitly announced the name change from Castlewood to Alsana.  (McLaughlin Decl.¶¶ 3–5, Exs. 2–4.)  There was no attempt to conceal information here.  These press releases alone defeat Plaintiff's fraud claim.  *See U.S. for the use of Bussen Quarries, Inc. v. Thomas*, 938 F.2d 831, 834 (8th Cir. 1991) (finding no duty to disclose when party alleging fraud could have read agreement and discovered the allegedly undisclosed information).  Coupled with the trade name registration, the press releases show that the connection between Castlewood and Alsana was public and could have been discovered with reasonable diligence.  Plaintiff's failure to review this public information is no excuse.  *See Snelling v. HSBC Card Servs., Inc.*, 2015 WL 3621091, at *6 (E.D. Mo. June 9, 2015) (dismissing fraudulent concealment claim when the allegedly undisclosed information was on the back of the defendant's billing statement); *Modern Enters., Inc. v. Allen*, 802 F.2d 312, 314 (8th Cir. 1986) (affirming dismissal of fraudulent misrepresentation claim when plaintiff "made no independent investigation of the circumstances" and "had no right to rely on the representations made" having "failed to conduct even a cursory investigation of the facts").

---

[5] Castlewood had a legal right to change its name to Alsana and to transact its business using that trade name.  *See Clark v. German Mut. Fire Ins. Co.*, 7 Mo. App. 77, 80 (Mo. Ct. App. 1879).  Plaintiff cannot seriously contend otherwise.  And despite her allegations to the contrary, *see* Am. Compl. ¶ 149, Castlewood's use of a fictitious name is not in itself evidence of a wrongful act.  *Kansas City v. Rathford*, 186 S.W.2d 570, 577 (Mo. 1945).

## B.    Plaintiff's Allegations of Fraud Fail to Satisfy Rule 9(b).

Plaintiff's fraudulent nondisclosure claim fails for yet another reason.  Her Complaint does not satisfy Rule 9(b).  Plaintiff alleges that Riverside is falsely representing that Alsana has been in operation since 2000 and is making "false statements pertaining to health care matters."  (Am. Compl. ¶¶ 148, 150–51.)  She points to certain press releases, blog posts, and YouTube videos regarding Alsana in alleging that Riverside made false statements.  (*See id.* ¶¶ 148, 150–53.)  But none of these allegations satisfy Rule 9(b).

As noted above, and as the Complaint itself concedes, public records show that Alsana is merely the trade name of Castlewood, (*see id.* ¶ 124), an entity that has in fact been operating since 2000.  And Plaintiff neither alleges that there were specific false statements made in Alsana's press releases, blog posts, or YouTube videos, nor explains why such statements were false.  She also does not explicitly allege that Riverside created or issued any of these press releases, blog posts, or YouTube videos.[6]  Thus, dismissal is appropriate.  *See Mitec Partners, LLC v. U S. Bank Nat'l Ass'n*, 605 F.3d 617, 622 (8th Cir. 2010) (affirming dismissal of fraud claim because plaintiff failed to plead what representations were made, and failed to state why they were false, why they were material, or who made them); *see also Andrews v. R.J. Reynolds Tobacco Co.*, 2021 WL 3472504, at *5 (E.D. Mo. Aug. 6, 2021) (dismissing fraud claim because plaintiff did not allege specific fraudulent statements).

Plaintiff also fails to allege that she ever even viewed any of the press releases, blog posts, or YouTube videos referenced in the Complaint, let alone that she relied on them before seeking

---

[6] Once again, to the extent Plaintiff alleges that Castlewood issued the press releases, blog posts, and YouTube videos, Riverside cannot be held liable for those alleged acts.  *Quest Diagnostics*, 395 S.W.3d at 18.  Nor is it sufficient under Rule 9(b) to simply lump multiple defendants together, as Plaintiff attempts to do, without identifying which of them supposedly was responsible for individual acts of fraud.  *Rosemann v. Sigillito*, 2011 WL 13248373, at *15 (E.D. Mo. Oct. 31, 2011).

treatment at Alsana.  Rule 9(b) requires more of a Plaintiff.  *See Andrews*, 2021 WL 3472504, at *5 (dismissing fraudulent concealment claim because plaintiff failed to indicate when, where, or how she heard or saw the statements that allegedly concealed material information).  Accordingly, Plaintiff's fraud by non-disclosure claim should be dismissed.  *Mitec Partners*, 605 F.3d at 622.

### III.    Plaintiff Fails to State a Claim for Civil Conspiracy.

To state a claim a claim for civil conspiracy in Missouri, a plaintiff must plead the following: "(1) two or more persons; (2) with an unlawful objective; (3) after a meeting of the minds; (4) committed at least one act in furtherance of the conspiracy; and (5) the plaintiff was thereby injured."  *Moses.com*, 406 F.3d at 1063.  However, "if tortious acts alleged as elements of a civil conspiracy claim fail to state a cause of action, then the conspiracy claim fails as well."  *Rice v. Hodapp*, 919 S.W.2d 240, 245 (Mo. 1996); *see also Deutsche Fin. Servs. Corp. v. BCS Ins. Co.*, 299 F.3d 692, 700 (8th Cir. 2002) (a plaintiff "cannot prevail on its claim for civil conspiracy where the underlying tort claim fails").

Plaintiff alleges that Riverside and Castlewood conspired to use "the fictitious name "Alsana" to distance themselves from Castlewood's past" to "induce people suffering from eating disorders . . . to utilize the facilities owned and operated by Riverside and Castlewood."  (Am. Compl. ¶ 133.)  She asserts that Riverside and Castlewood advanced this so-called conspiracy by "deleting all reference to Alsana's true owner and identity," Castlewood, on the internet.  (*Id.* ¶ 134.)  Plaintiff's own allegations belie this claim—namely, she concedes that Alsana was publicly registered as the trade name of Castlewood in March 2019.  (*Id.* ¶ 124.)  Additionally, the name change was announced on Alsana's website.  (McLaughlin Decl. ¶¶ 3–5, Exs. 2–4.)

According to Plaintiff, Riverside and Castlewood also are falsely representing that Alsana has been in operation since 2000, the efficacy of Alsana's treatment programs, that Alsana's treatment centers are safe, and are "making materially false, fictitious or fraudulent statements or

representations in connection with the delivery of . . . health care benefits." (Am. Compl. ¶ 134.) She further alleges that Riverside and Castlewood "knowingly entered into an agreement whereby they failed to disclose to Plaintiff . . . material information regarding the operations of Castlewood" and "agreed to accomplish either an unlawful act or a lawful act by unlawful means and specifically intended to harm Plaintiff and other patients who came to Castlewood." (*Id.* ¶ 135.) These wholly "conclusory legal accusations, although using language that arguably stated the elements of the alleged tort[], are insufficient" to state a conspiracy claim because they are not supported by specific factual allegations from which one even could infer the existence of a conspiracy or any intent to harm Plaintiff. *See Moses.com*, 406 F.3d at 1063.

Finally, Plaintiff's civil conspiracy claim against Riverside fails because it is based on her inadequately pleaded premises liability, fraud, and civil RICO claims. *See Park Ridge Assocs. v. U.M.B. Bank*, 613 S.W.3d 456, 464 (Mo. Ct. App. E.D. 2020) (affirming dismissal of civil conspiracy claim because plaintiffs underlying tort claims failed).

## IV.     Plaintiff Fails to State a Viable Civil RICO Claim.

RICO creates civil liability "for any person employed by or associated with any enterprise" who "conduct[s] or participate[s], directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." *Nitro Distrib., Inc. v. Alticor, Inc.*, 565 F.3d 417, 428 (8th Cir. 2009) (quoting 18 U.S.C. § 1962(c)). To survive a motion to dismiss, a civil RICO plaintiff must plausibly allege that the defendant participated in the "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity," resulting in an injury to the plaintiff's "business or property." *Crest Const. II, Inc. v. Doe*, 660 F.3d 346, 353 (8th Cir. 2011). Plaintiff fails to plead a viable civil RICO claim.

First, Plaintiff fails to allege any injury to her business or property. Rather, she alleges only quintessential personal injuries such as "mental and emotional injuries, including, but not

12

limited to, worsening of her eating disorder, trauma and co-occurring mental health issues, humiliation, and anxiety."  (Am. Compl. ¶¶ 69, 76, 83, 89, 97, 104, 113, 120.)  A bevy of courts, including the Supreme Court, have held that ***personal injuries are not cognizable under RICO***. *E.g.*, *Reiter v. Sonotone Corp.*, 442 U.S. 330, 339 (1979) (holding that RICO's use of "the phrase 'business or property' . . . exclude[s] personal injuries suffered"); *Smith v. Wampler*, 95 F. App'x 194, 195 (8th Cir. 2004); ("[C]laims of professional malpractice or personal injury . . . are not actionable under RICO"); *Hamm v. Rhone-Poulenc Rorer Pharm., Inc.*, 187 F.3d 941, 954 (8th Cir. 1999) ("[P]ersonal injury . . . is not an injury to 'business or property' within the meaning of 18 U.S.C. § 1964(c)").  Plaintiff's civil RICO claim should be dismissed for this reason alone.

Second, the Complaint fails to adequately plead the "racketeering activity" element. Racketeering activity is defined to include, among many other things "any act which is indictable under" including mail fraud and wire fraud.  18 U.S.C. § 1961(B).  Here, Plaintiff alleges that Riverside engaged in predicate acts of mail and wire fraud.  The Eighth Circuit has recognized that "the particularity requirements of Rule 9(b) apply to allegations of mail fraud and wire fraud when used as predicate acts for a RICO claim."  *Abels v. Farmers Commodities Corp.*, 259 F.3d 910, 919 (8th Cir. 2001) (cleaned up).

The federal mail and wire fraud statutes are materially identical for RICO purposes.  The elements of both offenses are (1) intent to defraud, (2) participation in a scheme to defraud, and (3) the use of wire or mail in furtherance of the fraudulent scheme.  *United States v. Rice*, 699 F.3d 1043, 1048 (8th Cir. 2012).   "To defraud someone requires material, affirmative misrepresentations or active concealment of material information for the purpose of inducing action."  *United States v. Luna*, 968 F.3d 922, 926 (8th Cir. 2020).  The alleged misrepresentation

or concealment must be "reasonably calculated to deceive persons of ordinary prudence and comprehension." *United States v. Thomas*, 791 F.3d 889, 893 (8th Cir. 2015).

In addition, the Supreme Court has held that the federal wire and mail fraud statutes should be "interpreted with an eye toward the common-law understanding of fraud." *United States v. Steffen*, 687 F.3d 1104, 1113 (8th Cir. 2012) (citing *Neder v. United States*, 527 U.S. 1, 20–22 (1999)).   These common-law glosses on fraud include the distinction between factual misrepresentations and mere puffery.  *Midwest Printing, Inc. v. AM Intern., Inc.*, 108 F.3d 168, 171 (8th Cir. 1997) ("Representations  . . . that compare the efficiency, economy or quality of one product to other products may not form the basis of a cause of action in fraud.").

In purported support of her claim that Riverside engaged in mail and wire fraud, Plaintiff alleges facts that fall well outside the scope of common-law fraud.  She alleges that:

> (a) The Alsana Enterprise falsely represented that "Alsana" is an independent entity which has provided eating disorder treatment since 2000;
>
> (b) The Alsana Enterprise falsely claimed prestigious certifications and awards;
>
> (c) The Alsana Enterprise represented that its alleged treatment protocol is superior to any other eating disorder treatment provider operating in the United States;
>
> (d) The Alsana Enterprise made numerous materially false or fraudulent statements or representations in connection with the delivery of health care benefits;
>
> (e) Castlewood's success rate statistics are deceptive, if not outright fraudulent since they are internally drafted, are based on weekly assessments they require their patients to fill out and are based solely upon alleged improvement from time of admission until time of discharge.  (Am. Compl. ¶ 178.)

Items (c) and (e) do not involve misrepresentation or concealment.  The claim that Alsana's treatment program out-performs competitors (quintessential puffery) cannot establish fraud, lest every business's subjective claim that their product is the best become actionable.  *Midwest Printing*, 108 F.3d at 171.  Further, the claim that the way Alsana conducts patient satisfaction

surveys establishes fraud is absurd.  Plaintiff cites no requirement that such surveys employ scientific rigor on pain of fraud liability, and there is none.

Items (b) and (d) similarly are deficient.  The Complaint does not elaborate on what "prestigious awards and certifications" Alsana falsely claimed to have earned.  Nor does it explain what "materially false or fraudulent statements" Alsana supposedly made about health care benefits.  Such "threadbare recitals" and conclusory allegations do not satisfy Rule 8, let alone the heightened requirements of Rule 9(b).  *Iqbal*, 556 U.S. at 678; *Mitec Partners*, 605 F.3d at 622.

Lastly, item (a) takes issue with the rebranding of Castlewood to Alsana.  But, as Plaintiff herself concedes, "Alsana" is merely a trade name for Castlewood, and the rebranding was publicly disclosed.  Allowing Plaintiff's claim to advance on this ground would effectively impose a legal duty on businesses to explain their entire history to customers.  The law does not require that.

Indeed, Plaintiff's factual allegations are fundamentally ill-suited to a fraud theory or a civil RICO claim.  In essence, she claims that she did not receive the quality of care she expected at Alsana, largely because of alleged employee misconduct.  But "breach of contract is not fraud," and "RICO is not a surrogate for professional malpractice actions."  *United States v. Hagen*, 917 F.3d 668, 674 (8th Cir. 2019); *Handeen v. Lemaire*, 112 F.3d 1339, 1348 (8th Cir. 1997).

## CONCLUSION

For the foregoing reasons, Riverside respectfully requests that the Court enter an order dismissing all claims against it with prejudice.

Date:  April 19, 2022                                    Respectfully submitted,


                                                         */s/ Christopher M. McLaughlin*
                                                         Christopher M. McLaughlin (*pro hac vice*)
                                                         JONES DAY
                                                         North Point, 901 Lakeside Avenue
                                                         Cleveland, Ohio  44114-1190
                                                         Telephone:  (216) 586-3939
                                                         Facsimile:  (216) 579-0212
                                                         cmmclaughlin@jonesday.com

                                                         W. Jason Rankin (Missouri Bar #6237927)
                                                         HEPLER BROOM LLC
                                                         130 N. Main St
                                                         Edwardsville, IL 62025
                                                         Telephone: (618) 307-1184
                                                         Jason.Rankin@heplerbroom.com

                                                         *Counsel for Defendant Riverside Partners*
                                                         *L.L.C.*