UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JANE DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:22 CV 117 CDP |
| | ) | |
| RIVERSIDE PARTNERS, LLC, | ) | |
| d/b/a The Riverside Company, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Jane Doe brings this lawsuit alleging that the defendants – mental health treatment centers and an individual therapist – engaged in unlawful conduct in their treatment of her eating disorder.  In her amended complaint, plaintiff brings claims of intentional and negligent infliction of emotional distress; negligence and recklessness; negligent hiring, training, and supervision; fraud and conspiracy; violation of Missouri's Business Premises Safety Act; and violation of the federal Racketeering Influenced Corrupt Organizations Act.  She moves to proceed in this action anonymously, arguing that disclosure of her identity may result in social stigma and embarrassment given that the issues in this case involve her mental illness and the effect defendants' treatment had on her personal relationships. Defendant Brittney Gibbs objects to plaintiff proceeding under a pseudonym. Because plaintiff's circumstances do not meet the limited exception to Federal

Rule of Civil Procedure 10(a)'s requirement that the caption of the complaint name all parties to the case, I will deny plaintiff's motion to proceed under a pseudonym.

Rule 10(a) requires that the title of the complaint "must name all the parties."  Given this Rule, "there is a strong presumption against allowing parties to use a pseudonym." *W.G.A. v. Priority Pharmacy, Inc.*, 184 F.R.D. 616, 617 (E.D. Mo. 1999).  S*ee also AB v. HRB Pro. Res. LLC*, No. 4:19-CV-00817-HFS, 2020 WL 12675330, at *1 (W.D. Mo. Dec. 31, 2020).  "The reason for the presumption is a First Amendment interest in public proceedings such as lawsuits, which is furthered by identifying the parties to an action." *W.G.A.*, 184 F.R.D. at 617.  *See also Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997) ("Identifying the parties to the proceeding is an important dimension of publicness.  The people have a right to know who is using their courts.").

Courts have recognized exceptions to Rule 10(a)'s requirement of naming parties for "limited matters of a sensitive and highly personal nature," *W.G.A.*, 184 F.R.D. at 617 (internal quotation marks and citation omitted), including matters involving abortion, minor children, victims of rape, undisclosed homosexuality, etc. *Id.* (citing *Heather K. v. City of Mallard, Iowa*, 887 F. Supp. 1249, 1255 (N.D. Iowa 1995)); *Roe v. St. Louis Univ.*, No. 4:08CV1474 JCH, 2009 WL 910738, at *4 (E.D. Mo. Apr. 2, 2009) (listing cases).  While neither the Eighth Circuit nor the

- 2 -

Supreme Court has provided guidance on when a pseudonym may be used, several other courts have applied a "totality of the circumstances" balancing test in determining whether to permit a party to sue under a pseudonym. *See Roe*, 2009 WL 910738, at *3 (listing cases); *AB*, 2020 WL 12675330, at *1. "[I]n other words, the court must ascertain whether the plaintiff has a substantial privacy right which outweighs the customary constitutionally-embedded presumption of openness in judicial proceedings." *Roe*, 2009 WL 910738, at *3 (internal quotation marks and citations omitted). Several factors common to cases in which courts have permitted the plaintiff to proceed under a fictitious name include: "'(1) where the plaintiff is challenging government activity; (2) where the plaintiff is required to disclose information of the utmost intimacy; and (3) where the plaintiff risks criminal prosecution through the information contained in the pleading.'" *Id.* (quoting *Doe H.M. v. St. Louis Cty.,* No. 4:07-CV-2116 (CEJ), 2008 WL 151629, at *1 (E.D. Mo. Jan.14, 2008)). The decision whether to permit a plaintiff to proceed anonymously is within the Court's discretion. *W.G.A.*, 184 F.R.D. at 617.

Here, plaintiff does not challenge government activity, nor does she risk criminal prosecution through the information contained in her pleading. She claims, however, that public disclosure of her mental illness may subject her to social stigma and embarrassment and that intimate details of her personal relationships should remain private. Appearing to also assert a fear of retribution,

plaintiff cites to a July 2012 press release in which, she contends, defendant Castlewood Treatment Center engaged in "public victim shaming" of former patients who have pursued litigation against it.

While embarrassment, ridicule, and retaliation can be potential harms, plaintiff has not demonstrated a sufficient threat that such will occur in the circumstances of this case if her identity is known.  *See AB*, 2020 WL 12675330, at *1-2.  "The risk that a plaintiff may suffer some embarrassment is insufficient to permit anonymity[.]"  *Doe v. Berkshire Life Ins. Co. of Am.*, No. 20-cv-01033-PAB-NRN, 2020 WL 3429152, at *2 (D. Colo. June 23, 2020).  And, as recognized by the court in *Doe v. Berkshire Life*, the societal awareness and understanding of mental illnesses has improved over the last several years.  *See id.*, at *2, n.1.  Accordingly, while I recognize the public interest in ensuring that those who suffer from mental illness are able to reach the courthouse steps without risk of stigmatization or fear of repercussion, "[t]he mere fact that a plaintiff alleges a mental health condition . . . is not dispositive."  *Doe v. Standard Ins. Co.*, No. 1:15-cv-00105-GZS, 2015 WL 5778566, at *2 (D. Me. Oct. 2, 2015).

Plaintiff's general assertion that she fears stigmatization or embarrassment on account of her mental illness is not sufficient reason for anonymity in this action.  *See*, *e.g.*, *Doe v. Blue Cross & Blue Shield*, 112 F.3d at 872 (plaintiff's psychiatric disorder "is not a sufficient reason for allowing the use of a fictitious

name, even though many people are understandably secretive about their medical

problems."); *McInnis v. Cigna Grp. Ins. Co.*, 379 F. Supp. 2d 89, 90 (D. Mass.

2005) (disclosure of depressive/anxiety disorder is not so exceptional to require

anonymity); *Doe v. Berkshire Life*, 2020 WL 3429152, at *2 (case involving high-

functioning CEO and president of nationwide company with mental illness

diagnoses did not present issues so highly personal or sensitive in nature to

constitute exceptional circumstance).  Plaintiff's concern regarding potential

disclosure of her medical and mental health treatment as well as personal, intimate

aspects of her relationship with her partner can be remedied by an appropriately

crafted protective order.  *See Doe v. Blue Cross & Blue Shield*, 112 F.3d at 872.

To the extent plaintiff's motion can be read to assert a fear of retribution

given defendant Castlewood's alleged "victim shaming," I note that the press

release plaintiff cites is dated nearly ten years ago, does not identify any alleged

victim(s), acknowledges that a few of the thousands of clients treated "are angry

and need someone to blame," and states that it will vigorously defend the then-

pending lawsuit.  (ECF 3 at header p. 6.)  Nothing about this press release leads me

to believe that plaintiff is in any danger or at heightened risk of shaming if her

identity is known.  Indeed, plaintiff avers in her amended complaint that she will

privately disclose her identity to the defendants, so long as it is not disclosed in the

public record.  (ECF 6 at header p. 2., n.1.)  Plaintiff proceeding in this case under

her real name will therefore not provide any additional information to the defendants nor provide any additional protection from their future actions. *See Doe v. Shakur*, 164 F.R.D. 359, 362 (S.D.N.Y. 1996); *Doe v. Berkshire Life*, 2020 WL 3429152, at *3. Plaintiff's fear of retribution based on the submitted ten-year-old press release is not a sufficient basis to grant her leave to proceed in this case anonymously.

In view of the totality of the circumstances, I cannot conclude on the information before the Court that plaintiff has demonstrated a substantial privacy right in this case that outweighs the customary constitutionally-embedded presumption of openness in judicial proceedings. She has thus failed to overcome the strong presumption against allowing parties to proceed under a pseudonym.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion to Allow Jane Doe to Proceed Under Pseudonym [2] is **DENIED**.

**IT IS FURTHER ORDERED** that within ten (10) days of the date of this Memorandum and Order, plaintiff shall refile her amended complaint with all the parties' names included in the caption. No other change to the amended complaint is permitted. Given that no other changes will be made to the amended complaint, I will consider the pending motions to strike and to dismiss as directed to the refiled amended complaint.

Failure to timely comply with this Memorandum and Order will result in the dismissal of this action without prejudice.


CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of April, 2022.